78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas S. BUTCHER; Peggy Jean Butcher, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 94-56168.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided March 8, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs/Appellants Thomas S. Butcher and Jean Butcher seek indemnity for attorneys' fees incurred in an action they allege was covered under their State Farm homeowner's policy. The Butchers appeal the district court's summary judgment for defendant State Farm. We affirm.
 
 BACKGROUND
 
 3
 The Butchers retained attorney Tom Halde to represent them in a medical malpractice suit and won a favorable verdict against one of the doctors, Dr. Eugene C. Petrick. After entering a new fee agreement with the Butchers, Halde represented them on an appeal of part of the judgment in the medical malpractice action and on a collateral action against Petrick. The Butchers gained ownership of Petrick's ranch home, with a one-fifth interest going to Halde as a result of the fee agreement. The attorney-client relationship broke down over the disposition of the property. The Butchers sued Halde for legal malpractice and Halde filed a cross-complaint alleging ten causes of action. The Butchers contend that one of these causes of action--intentional infliction of emotional distress--triggered State Farm's duty to defend.[1] Halde's intentional infliction of emotional distress claim rests on the contention that the Butchers repudiated their oral agreement with Halde regarding the disposition of the ranch, refused to perform, and completely frustrated his efforts, causing Halde severe emotional distress resulting in physical injury.
 
 
 4
 Under the Butchers' homeowner's policy, State Farm insures the Butchers for personal liability:
 
 COVERAGE L--PERSONAL LIABILITY
 
 5
 If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 
 
 6
 1. pay up to our limit of liability for the damages to which the insured is legally liable; and
 
 
 7
 2. provide a defense at our expense by counsel of our choice.
 
 
 8
 (emphasis in original). Under the policy, an "occurrence" means an "accident, including exposure to conditions, which results in a. bodily injury; or b. property damage...."
 
 ANALYSIS
 
 9
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). The material facts are undisputed, and we interpret the insurance policy as a question of law. Waller v. Truck Ins. Exchange, 900 P.2d 619, 627 (Cal.1995).
 
 
 10
 The District Court's grant of summary judgment was proper because the Butchers' have not met their burden of proving that the alleged misconduct giving rise to Halde's claim for intentional infliction of emotional distress was an "accident." Id. at 626 ("[T]he insured has the burden of showing that there has been an 'occurrence' within the terms of the policy"). Although "coverage is not always precluded merely because the insured acted intentionally and the victim was injured," coverage is precluded in this case because the Butchers intended all of the acts that resulted in Halde's alleged injury. See Merced Mutual Ins. Co. v. Mendez, 261 Cal.Rptr. 273, 279 (Cal.App.1989). Here, we do not have "some additional, unexpected, independent, and unforeseen happening ... that produce[d] the damages." See id. Thus, the event which Halde alleges caused him injury may not be deemed an "accident." See id. Therefore, State Farm would not have had a duty of coverage if Halde had been successful with his counterclaim. Because there was no possibility that State Farm would have had to cover the Butchers for damages resulting from the intentional infliction of emotional distress claim, State Farm had no duty to defend. See Waller, 900 P.2d at 627 ("[W]here there is no possibility of coverage, there is no duty to defend") (internal quotations omitted).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In district court, the Butchers contended that the cause of action of waste also triggered State Farm's duty to defend. On appeal, the Butchers have abandoned this contention